FILED
99 JUL 28 PM 12: 52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHARON K. MARQUIS,** | ] | |
| Plaintiff(s), | ] | |
| vs. | ] | CV 98-N-1484-S |
| **CITY OF HAMILTON,** | ] | |
| Defendant(s). | ] | |

ENTERED
JUL 28 1999

### Memorandum of Opinion

The court has for consideration the defendant's motion for summary judgment, filed May 14, 1999. After a careful review of the record and the parties' arguments, the court has determined that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court therefore concludes that summary judgment is due to be granted as to all of plaintiff's claims.

While this court often indulges in lengthy explanations of its rationale for such decisions, it sees no reason to do so here. Defense counsels' briefs do a more than adequate job of highlighting the fatal flaws in plaintiff's case.[1] An opinion by this court could offer little more than a reformulation of the same arguments. More importantly, this court's findings and analysis are not a necessary starting point for further review, as the Eleventh Circuit will be required to review the case *de novo* if an appeal is taken. The court

---

[1] This does not mean that the court agrees with the defendant in every particular. For example, the court is far from certain that the limitations on "opposition clause" retaliation claims announced in *Little v. United Technologies*, 103 F.3d 956, 960 (11th Cir. 1997) and relied upon by the defendant apply in a case involving alleged retaliation based on an EEOC charge, a so-called "participation clause" retaliation claim. Minor differences aside, however, the court and the defendant agree that summary judgment is due to be granted and for much the same reasons.

41

therefore declines to issue an extensive opinion, and relies instead on the hope that defense counsel will defend the court's decision with the same zeal they have shown in persuading it to reach that result. *See Glass v. ABB Service, Inc.*, No. CV-98-AR-1539-M (N. D. Ala. May 20, 1999) (Acker, J.) (explaining a similar decision).

The court will enter an appropriate order in conformity with this memorandum opinion.

Done, this 27th of July, 1999.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

2